279 So.2d 285 (1973)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, a New York Corporation, Petitioner,
v.
William H. BEVIS, Chairman, et al., Respondents.
No. 43666.
Supreme Court of Florida.
June 6, 1973.
Rehearing Denied July 24, 1973.
Earl B. Hadlow and W.H. Adams, III, of Mahoney, Hadlow, Chambers & Adams, Walter H. Alford, and Nathan H. Wilson, Jacksonville, for petitioner.
William L. Weeks and Harry D. Boswell, Tallahassee, for respondents.
Robert L. Shevin, Atty. Gen., and Scott R. Nabors, Asst. Atty. Gen., for the State of Florida, as intervenor.
Robert F. Williams, Miami, for Legal Services of Greater Miami, as intervenor.
ADKINS, Justice.
By petition for writ of certiorari, we have for review Order No. 5686 of the Florida Public Service Commission (Docket *286 No. 72700-TP, filed March 30, 1973) denying a requested interim rate increase for Southern Bell Telephone and Telegraph Company. We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A.
Under the petition, Southern Bell is seeking an interim increase of $32.795 million annually pursuant to Fla. Stat. § 364.05, F.S.A., based on the level of operations for the period which ended September 30, 1972. Southern Bell alleged a rate of return of only 6.78 per cent on that date, and projected a rate of return of only 5.96 per cent by September 30, 1973. The company is authorized a rate of return of 8.25 per cent pursuant to Order No. 5293 of the Commission, Docket No. 71308-TP, filed January 4, 1972.
The Commission did not make a finding of fact as to whether or not the company had proved the facts alleged, but looked to a second petition filed by Southern Bell in which permanent rate increases of $106,821,300 are sought pursuant to Fla. Stat. § 364.14, F.S.A. The Commission denied the requested interim increase, determining that the "preferable course" would be to defer any decision on a rate increase until normal procedures can be followed and all avenues of information fully explored in the examination of the petition for a permanent rate increase.
In so holding, the Commission relied on three prior orders of the commission which established an emergency financial situation test for interim rate increases pursuant to Fla. Stat. § 364.05, F.S.A. Order No. 5482, Docket No. 71370-EU, filed July 13, 1972; Order No. 5597, Docket No. 72446-GU, filed December 11, 1972; and Order No. 5632, Docket No. 72676-GU, filed January 24, 1973.
None of the orders relied upon by the Commission for authority deal with a factual situation similar to that in the case sub judice, however. The prior situations arose from petitions seeking increases in the allowable rates of return as well as in the actual rates of the petitioning utilities. In the case sub judice, Southern Bell seeks only to approach the minimum rate of return already determined by the Commission to be "fair, just, reasonable and sufficient." Fla. Stat. § 364.03(1), F.S.A. Southern Bell does not seek an increase in the previously allowed rate of return.
Thus, when Southern Bell alleged that its rate of return was below that approved by the Commission as a minimum, it had alleged a prima facie case to require approval of the Commission for an interim rate increase, so long as the increase would not raise the company's rate of return above the minimum level of 8.25 per cent approved by the Commission. Since it must be assumed that the Commission obeyed its statutory mandate in Fla. Stat. § 364.03(1), F.S.A., any rate of return below the authorized minimum must, of necessity, be unfair, unjust, unreasonable and insufficient.
If Southern Bell has proved the allegations which were made in its petition for an interim rate increase, the Commission must approve that request so as to bring the Southern Bell rates within the statutory guidelines. It is for the Commission to determine whether or not Southern Bell has met this requirement, as the Commission sits as trier of fact, rather than this Court.
If the Commission feels that there is doubt about the propriety of the rate of return due Southern Bell and that the doubt might be resolved against the company in a full hearing and investigation attendant to the company's petition for permanent rate increases, the Commission is fully empowered to make the rate increase contingent upon the outcome of the full hearing, and to require the company to repay any part of the interim increase to its customers which the Commission may, at a later date, determine was improper.
In City of Miami v. Florida Public Service Commission, 208 So.2d 249 (Fla. 1968), we determined that the Commission could *287 not make a retroactive utility rate reduction, but we have never held the Commission powerless to make interim increases contingent on the outcome of a full hearing, and thus refundable if the full hearing discloses that the interim increase was improvidently granted. Thus, the company can be allowed to enjoy the rate of return authorized by the Florida Public Service Commission while full rate hearings progress without endangering the consumers of the utility's services.
The Attorney General of the State of Florida questions the authority of the Commission to grant such interim rate increases without the full  and of necessity, drawn-out-procedures provided by Fla. Stat. § 364.14, F.S.A. It is urged that the procedures authorized by Fla.Sta. § 364.05, F.S.A., have been inherently repealed by the enactment of the Administrative Procedure Act, Fla. Stat. Ch. 120, F.S.A., Fla. Stat. § 120.22, F.S.A., provides:
"Any party's legal rights, duties, privileges or immunities shall be determined only upon public hearing by an agency unless the right to public hearing is waived by the affected party, or unless otherwise provided by law." (Emphasis supplied)
We hold that the emergency procedures of Fla. Stat. § 364.05, F.S.A., having never been specifically overturned or repealed, must be considered as the other provisions of law which the Administrative Procedure Act specifically excepts.
We have considered the other contentions raised by the Commission and by the intervenors and find them to be without merit.
Accordingly, the order of the Florida Public Service Commission is quashed, and the cause is remanded to the Commission for further proceedings not inconsistent herewith.
It is so ordered.
CARLTON, C.J., and ROBERTS and BOYD, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
It appears to me that we should not judicially interfere in this case with the Public Service Commission's decision to defer a ruling on the requested interim rate increase of $32,795,000 annually until normal statutory procedures for hearings and investigations can be followed by the Commission in determining whether a permanent rate increase should be allowed Southern Bell.
Whether there is an emergency of such serious proportions as to warrant the immediate interim rate increase for Southern Bell on a prima facie basis is a factual matter involving very complex problems, i.e., the existing rate structure of Southern Bell, its financial potential, the extent and demand for communications service by the affected public, the wisdom of granting so large an amount as an interim increase, and other contingencies quite beyond our expertise at this juncture to determine  at least not on the present record of this case in which no definitive and conclusive rate hearings have been processed to completion with requisite findings. The Commission is in a far better position than are we in making a realistic judgment involving as it does the exercise of administrative discretion to a very large degree on the basis of prima facie considerations.
I believe that at this stage for us to supersede the Commission's decision on the requested interim rate increase would be precipitate  prior to the orderly exhaustion of administrative proceedings which is a necessary predicate to any valid rate increase.
Orderly procedures dictate, I believe, when dealing with a subject of such widespread public concern, that we exercise restraint *288 and follow in this case the Commission's decision to postpone an interim rate increase until it can complete its hearings as to the actual  as distinguished from the prima facie  needs of Southern Bell for a rate increase.